NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HELEN CASSARO, PETITIONER, v. PEERLESS COLOR COMPANY, INCORPORATED, RESPONDENT.

Decided January 10, 1936.

For the petitioner Helen Cassaro and children, *Semer & Fine* and *Sidney W. Gudin.*

For the petitioner Dan Cassaro and mother, *Frank Calabrese* and *J. Alexander Pignone*.

For the respondent, *Clarence B. Tippett.*

A petition was filed herein May 25th, 1935, on behalf of Helen Cassaro, and two minor children, \* \* \*. A former petition had been filed in name of Dan Cassaro, deceased, on behalf of the mother and minor brother of deceased as claimed dependents; and by mutual agreement of respective attorneys, both cases were heard and tried together before the same referee.

\*        \*        \*        \*        \*        \*        \*

The whole question involved in the cases *sub judice* is one of dependency.

Decedent met with an accident arising out of and in the course of employment. Surviving him are a wife and two minor children and his mother, a widow with several children, only one of which is under the statutory age of sixteen.

From the facts it would appear that decedent lived with the wife for a time, then left her. Subsequently through the activity of the poormaster a court order was issued making mandatory the payment of $5 per week by decedent to the wife. This order was issued prior to the birth of the second child. Decedent was for a time incarcerated in jail for non-compliance with said order and subsequently released and resumed employment. When not living with his wife he made his home with his mother. His mother's means of support was from $8 to $15 per week from decedent, $8 to $12 from a daughter, Margaret, when she was employed, and $10 per month from the widows' pension bureau for William, who is under sixteen.

The wages received by the decedent at time of death was $20 per week.

Under the *Schmid* v. *Stanton Forging Co.*, 104 *N. J. L.* 471; 142 *Atl. Rep.* 4, a widow not a member of deceased's household but receiving $10 per week by order of a Pennsylvania court was held a total dependent. The case *sub judice* is analogous. I am holding the wife and two children in this instance as full dependents.

We must now consider the mother of decedent and the brother under sixteen. At the most the mother is only a partial dependent. Decedent's contribution was on an average approximately fifty per cent. of his wages. She had an income from her daughter and a widow's pension for the son, William. Under our cases and they are many, the mother would be considered partially dependent. As to the son, William, who is under sixteen, in view of the fact that the widow's pension payment of $10 per month is payable due to his existence I do not believe he should be considered as a partial dependent. That sum is paid for his maintenance until he is sixteen.

The statute itself is equitable as well as remedial. In the instant case the minimum rate of $10 per week applies. We have three full dependents as well as one partial. An equitable distribution of this amount based upon three full dependents and one partial dependent would be to allow each full dependent twenty-eight and one-half per cent. of the compensation rate and the partial dependent fourteen and one-half per cent. of the compensation rate payable. If we were to consider the mother on basis of only partial dependency her amount would not exceed this.

I am, therefore, awarding compensation as follows: To the widow, Helen Cassaro, and two children: $8.55 per week for three hundred weeks.

To the mother of decedent, Lucia Cassaro, $1.45 per week for three hundred weeks.

At the termination of the three hundred weeks then $10 per week to be paid to the widow for the two children until youngest child reaches the age of sixteen.

This award to be modified upon remarriage of widow or mother or by death of any of parties concerned.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

I am disallowing bill presented by poormaster under section 22 of the act.