New Jersey Department of Labor,
Workmen's Compensation Bureau.

CAROLINA FASSI, PETITIONER, v. EARL M. HOLBROOK,
T/A INDUSTRIAL MAINTENANCE CO., RESPONDENT.

Decided April 24, 1940.

For the petitioner, *James Giuliano.*

For the respondent, *Homer F. James (Charles W. Broad-hurst,* of counsel).

In the case *sub judice,* petitioner claims compensation for herself and her son, Henry, alleging total dependency.

It is agreed that decedent while in the employ, met with an accident arising out of and in the course of his employment.

Respondents deny dependency. There is also a question of rate involved.

Petitioner testified that she was married but had been separated from her husband sixteen years. That including Alfred, the deceased, there were seven children, none of whom contributed in any way to her support except the decedent. Her husband, who resided in New York at the time of trial, did not in any way either voluntarily or by court order, make any contribution. The decedent, Alfred, she testified, gave her $10 weekly, paid the rent of $25 per month, purchased food supplies when home and occasionally bought clothing for the youngest son, Henry. Prior to his living home, decedent had been in the army twelve years.

Occupying the front room of the apartment where petitioner resided was one Professor Antonio Gianelli. While the renting arrangements were $25 per month including board, the economic conditions now existing had apparently played havoc with his profession and her receipts from that source were on a "catch as catch can" basis. Occasionally petitioner would receive a few dollars for taking care of baby in neighborhood.

Respondent endeavored to on cross-examination, show that petitioner's husband had left her due to Professor Gianelli and that she had assumed his name and that a meretricious relationship existed. This was most vigorously denied. Henry, son of petitioner and brother of decedent, corroborated mother's testimony as to contributions.

Other witnesses were called who testified to having seen decedent purchase foods from butcher and grocer for the household. They further testified as knowing petitioner only by name of Mrs. Fassi.

One Jean Franznero, the fiance of decedent, admitted that marriage was contemplated by decedent and her but no date was set as decedent's first thought was his mother's support and his brother obtaining a job. She further admitted that some funds were being saved by both in preparation of a wedding day.

Professor Antonio Gianelli, the alleged Romeo, testified as to his relationship with the petitioner. The professor who had at one time been the Metropolitan's leading guitarist, bemoaned the fact that swing, jazz and canned music had replaced the classical and that depression had reduced his means of livelihood to the extent that his obligations to petitioner were met by a proportion of his earnings which were very meager as a whole. He vigorously denied that any other relationship existed between petitioner and himself other than that of merely the renting of the front room designated by him as the "studio."

Respondent testified to average earnings of decedent. He alleged that he paid petitioner sixty cents per hour when he worked; that average week was five to five and one-half days and that in case of rain or no work, petitioner was not paid.

Respondent then introduced other testimony with respect to the friendship of the professor and petitioner endeavoring to show that she had on occasions been introduced as his wife.

This testimony as well as that offered in rebuttal by petitioner was to some extent immaterial to the issue. Rebuttal testimony was also offered relative to the wage received by decedent.

There was testimony by one Mario Fassi relative to statement made by him to investigator for respondents' insurance carrier to effect that decedent, Alfred, did not support mother but paid her $5 per week for room and board. Witness denied making such statement.

Two questions present themselves: first, wages received by decedent; second degree of dependency.

The rate question can be readily determined. From testimony petitioner received sixty cents per hour. Based upon an eight hour day, five and one-half days per week, decedent's weekly wage would be $26.40.

As to dependency:

There is no question in my mind that petitioner contributed to his mother's and brother's support. Letters introduced in evidence received at intermittent periods, reflect the fact that at various times he had sent her $10 and on one occasion $5. In the latter instance he expressed his regrets as to his inability to send more.

But can a person be a full dependent on more than one person at the same time?

Petitioner's husband is living. Both morally and legally he is under a duty to support her and his son, Henry. Our appellate courts have held that regardless of whether or not widow is a member of her spouses' household, she is a full dependent: *Schmidt* v. *Stanton Forging Co.*, 104 *N. J. L.* 471; 142 *Atl. Rep.* 4; *Cassaro* v. *Peerless Color Co.*, 14 *N. J. Mis. R.* 92; 182 *Atl. Rep.* 477; *Alexander* v. *Cunningham Roofing*, 11 *Atl. Rep.* (*2d*) 41; as to children: *Comparri* v. *James Readding, Inc.*, 121 *N. J. L.* 591; 3 *Atl. Rep.* (*2d*) 802.

What effort she has made to establish her rights to support by the husband is not reflected in the testimony whether such

rights exist or do not exist is not for determination at this time but the fact remains in my opinion that she cannot lift the burden from one and place it on another in order to meet any exigency that may arise.

Almost from the enactment of the act the question of dependency has been a factual one. Considering all the facts in the case, the contribution of $10 per week, the purchase of clothing for his brother, food for the house, payment of rent, as against decedent's preparedness for the future as to his marriage, his disbursements for his own needs, all being deducted from a maximum salary of $26.40 and a reflected average earning of much less than that leads me to the conclusion that the petitioner and the son Henry, are partial dependents.

On what basis compensation should be allowed can only be computed by a careful consideration of the contributions. Considering everything in my opinion $15 per week would be maximum.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

It is further ordered, that in case of death of either or both dependents before expiration of payments due, award will be modified accordingly.

JOHN C. WEGNER,
*Deputy Commissioner.*